Stephen M. Smith
*Attorney for Claimants Gloria Gonzalez De Puche
and EMO Investments Corp.*
1425 N Broad Street
Suite 201
New Orleans, Louisiana 70119
504-947-1400 Ofc
504-947-1100 Fax
SteveSmithLaw@aol.com

UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
NEW YORK

-------------------------------------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                                Plaintiff,

               -against-

ALL FUNDS ON DEPOSIT AT CAYMAN NATIONAL SECURITIES, LTD., ACCOUNT NUMBER 63144, HELD IN THE NAME OF EMO INVESTMENT CORPORATION, AND ALL PROCEEDS TRACEABLE THERETO;

ALL FUNDS ON DEPOSIT AT BUTTERFIELD BANK, LTD., ACCOUNT NUMBER 01-201-039689, HELD IN THE NAME OF EMO INVESTMENT CORPORATION, AND ALL PROCEEDS TRACEABLE THERETO;

ALL FUNDS ON DEPOSIT AT SCOTIA BANK & TRUST (CAYMAN), LTD., ACCOUNT NUMBER 10016387, HELD IN THE NAME OF GLORIA GONZALEZ DE PUCHE, AND ALL PROCEEDS TRACEABLE THERETO;

                              Defendants.

-----------------------------------------------------------------------------------------------------X

**VERIFIED ANSWER TO VERIFIED COMPLAINT IN REM**

Civil Action No. 11-CV-1976 (ERK)

## VERIFIED ANSWER

NOW INTO COURT, comes Gloria Gonzalez De Puche personally and in her capacity as owner of EMO Investments Corp. (Claimants), by and through their attorney of record, Stephen M. Smith, with offices at 1425 N. Broad Street, Suite 201, New Orleans, Louisiana 70119, who respectfully submits the following by way of a Verified Answer to the Verified Complaint In Rem (Complaint). The Claimants further make claim for the return and/or award of the above captioned funds on deposit at Cayman National Securities, LTD., Account Number 63144, Buttefield Bank, LTD., Account Number 01-201-039689 and Scotia Bank & Trust (Cayman), LTD., Account Number 10016387 and any and all funds associated with these accounts.

## PRELIMINARY STATEMENT

1. The Claimants admit that this is a civil action in rem brought pursuant to 18 U.S.C. 981(a)(1)(A). The Claimants deny that the property is or was involved in violations of 18 U.S.C. 1956 and/or 18 U.S.C. 1957 or property traceable to such property. The Claimants further deny that the property is subject to forfeiture by means of any relation to 21 U.S.C. 881 (a)(6).

## JURISDICTION AND VENUE

2. The Claimants admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. 1345 and 28 U.S.C. 1355.

3. The Claimants admit that venue is proper in the Eastern District of New York but denies the acts and omissions referred to in paragraph three of the Complaint.

## THE DEFENDANTS IN REM

4. The Claimant admit the allegations as set forth in paragraph four.

## STATUTORY BACKGROUND

5. The Claimants admit the allegations of paragraph five as they pertain to the statutes but deny that the defendant funds are subject to these statutes.

6. The Claimants admit the allegations of paragraph six as they pertain to the statute but deny that the defendant funds are subject to this statute.

## MONEY LAUNDERING

7. The Claimants deny knowledge or information sufficient enough to form an opinion as to the allegations contained in paragraph seven of the Complaint.

8. The Claimants deny knowledge or information sufficient enough to form an opinion as to the allegations contained in paragraph eight of the Complaint.

9. The Claimants deny knowledge or information sufficient enough to form an opinion as to the allegations contained in paragraph nine of the Complaint.

10. The Claimants deny knowledge or information sufficient enough to form an opinion as to the allegations contained in paragraph ten of the Complaint.

11. The Claimants deny knowledge or information sufficient enough to form an opinion as to the allegations contained in paragraph eleven of the Complaint.

12. The Claimants deny knowledge or information sufficient enough to form an opinion as to the allegations contained in paragraph twelve of the Complaint.

## FACTUAL BACKGROUND

13. The Claimants admit the allegations of paragraph thirteen.

14. The Claimants deny knowledge or information concerning when the DEA began its investigation. The Claimants admit that Mauricio, Orlando, Enrique Puche, and GEC were convicted of money laundering. The Claimants deny that Mauricio, Orlando, Enrique Puche, or GEC laundered any money.

15. The Claimants deny that any evidence was ever produced that "demonstrated that GEC was a known location to launder narcotics funds and that undercover law enforcement agents were referred to members of the Puche family and GEC by other money transmitters who believed that the undercover officers were narcotics dealers".

16. The Claimants deny knowledge or information sufficient enough to form an opinion as to the allegations contained in paragraph sixteen of the Complaint and would aver that the government should produce said records showing the amount of said deposits and that the average amount of cash transfers by individual customers at a money transmittal company.

17. The Claimants deny knowledge or information sufficient enough to form an opinion as to the allegations contained in paragraph seventeen of the Complaint and challenge the government to produce records of the over 9,200 deposits that would have had to take place from May 18, 2000 to November 9, 2000 to support the governments allegation.

18. The Claimants deny knowledge or information sufficient enough to form an opinion as to the allegations contained in paragraph eighteen of the Complaint.

19. The Claimants admit the allegations of paragraph nineteen.

## THE DEFENDANT FUNDS

20. The Claimants admit the allegations of paragraph twenty.

21. The Claimants admit the allegations of paragraph twenty-one.

22. The Claimants admit the allegations of paragraph twenty-two.

23. The Claimants admit the allegations of paragraph twenty-three.

24. The Claimants admit the allegations of paragraph twenty-four as they pertain to the closing of the account and the checks tendered upon closing the account but deny knowledge or information sufficient enough to form an opinion as to the allegations contained in paragraph twenty-four concerning reasons for the closure.

25. The Claimants believe this to be the correct date and time of a cash withdrawal made by Gloria Gonzalez De Puche.

26. The Claimants admit that Gloria Gonzalez De Puche opened an account at Scotia Bank believed to be on that date listing an address in Colombia. The Claimants deny that requested information was never submitted.

27. The Claimants deny this allegation in that Gloria Gonzalez De Puche is a resident of the United States; however, she has maintained Colombian citizenship even after she became a United States Citizen. The Claimants do not admit nor deny that Gloria Gonzalez De Puche made the statement that "Colombia is very insecure".

28. The Claimants admit the allegations of paragraph twenty-eight.

29. The Claimants admit that Gloria Gonzalez De Puche made two deposits on September 3, 2010 into her account at Scotia Bank & Trust but deny for lack of knowledge or information sufficient enough to form an opinion as to the allegations concerning whether it was a different teller; furthermore, the second deposit was made because at the time of the first deposit the check deposited later was not in possession of Gloria Gonzalez De Puche.

30. The Claimants deny knowledge or information sufficient enough to form an opinion as to the allegations contained in paragraph thirty of the Complaint.

31. The Claimants admit the allegation as it pertains to being contacted and emailing a response but denies the allegations of paragraph thirty-one as it relates to documentation regarding the source of defendant Funds.

32. The Claimants do not admit nor deny this allegation as it is an opinion subject to interpretation and does not require a response.

33. The Claimants vehemently deny the allegations of paragraph thirty-three as such:

    a. The funds are not controlled by known participants in a money laundering

scheme as Gloria Gonzalez De Puche has never been accused of any crimes.

b. The accounts do not involve the use of "nominee owners" nor "potential shell corporations".

c. The funds were not subject to frequent account transfers and any time the funds were moved it was for legitimate reasons.

d. The funds are located in the Cayman Islands which is a known Caribbean Banking Center; however, the banks are legitimate and, obviously, not money launderers as the police in the Cayman Islands initiated the investigation albeit without just cause.

e. The use of two different tellers was in no way part of a scheme or plan and happened by coincidence.

f. The Claimants deny providing false information.

g. The Claimants can document the source of the Defendant Funds.

### FIRST CLAIM FOR RELIEF

34. The Claimants repeat and re-allege the answers set forth in paragraphs one through thirty-three of Claimants' answer as if fully set forth herein.

35. The Claimants deny that the funds constitute property involved in a transaction or attempted transaction in violation of 18 U.S.C. 1956 or 18 U.S.C. 1957.

36. The Claimants deny that the funds are liable to condemnation and forfeiture to the United States in accordance with 18 U.S.C. 981(a)(1)(A) or any other statute for that matter.

### SECOND CLAIM FOR RELIEF

37. The Claimants repeat and re-allege the answers set forth in paragraphs one through thirty-three of Claimants' answer as if fully set forth herein.

38. The Claimants deny that the funds constitute or are derived from proceeds traceable to the sale of a controlled dangerous substance.

39. The Claimants deny that the funds are liable to condemnation and forfeiture to the United States in accordance with 21 U.S.C. 881(a)(6) or any other statute for that matter.

Having answered the Verified Complaint, the Claimants make the following Counterclaims and/or Defenses seeking affirmative relief.

**COUNTERCLAIMS AND/OR DEFENSES**

40. The plaintiff, United States of America, has not properly instituted this action, violating the Claimants' rights because the action was not brought timely and their rights have been violated by the seizure and detention of the defendant funds. Since this action has not been brought in a timely manner, the Verified Complaint should be dismissed and all of the defendant funds in the captioned accounts should be returned to the Claimants as the government has failed to file its Verified Complaint within the time allowed by law.

41. The criminal defendants who are being used by the plaintiff to allege "taint" on the Defendant Funds were found to only have "laundered" $714,500.00 in money provided by the government. All of this money and any money that it touched was seized in the criminal proceedings against the Puche family members. The district court determined that the only "drug money" was the $714,500.00 supplied by the government and that that money and any money it touched was subject to forfeiture. All of that money was seized. As such, these funds are not subject to forfeiture.

42. The government sought to entrap the criminal defendants. The only "tainted" money was government which funds were returned and/or seized. Now, in addition, to setting up an otherwise honest business, the government wants to try to seize funds which has no convexity to the "tainted" government funds.

43. The government has no probable cause as a matter of law for the forfeiture.

44. The government has no proof that the defendant funds are forfeitable because they have not been involved in any violation of relevant law.

45. The facts as alleged by the government do not give rise to probable cause to seize the Defendant Funds without conjecture and leaps and bounds of suppositions that simply do not exist.

46. The Claimants can and will prove that the Defendant Funds were derived from the legitimate operations of a money transfer business and that the defendant funds were taxed, reported and transferred through banking channels.

47. The Claimants can and will prove that the Defendant Funds were deposited in legitimate accounts prior to any investigation of the government.

48. The Claimants can and will prove that the funds have not facilitated any crime in any way as the accounts were not used to transfer of receive money transfers but as investment accounts only.

49. The Claimants are innocent owners of the Defendant Funds and were at no time ever involved in or with knowledge of any criminality in laundering drug money.

50. The Claimants contend that any seizure of the Defendant funds would amount to an excessive fine and is prohibited by law.

51. Claimant believes that further and separate defenses may be or become applicable, but which are presently unknown. Claimant reserves the right to assert further defenses by way of amendment to this Answer or supplement to its disclosure statement upon completion of discovery.

WHEREFORE, the claimants pray this Honorable Court dismiss with prejudice the Government's Complaint for In Rem Forfeiture and return the Claimants' money and for any

other relief that this Court may deem proper and applicable including attorney's fees.

**CLAIMANT FURTHER DEMANDS A TRIAL BY JURY OF ALL ISSUES OF FACT RAISED HEREIN.**

                                              Respectfully Submitted by,

                                              s/ **Stephen M. Smith**_____
                                              Stephen M. Smith, Esq. (#28235)
                                              1425 N. Broad Street, Suite 201
                                              New Orleans, LA
                                              (504) 947-1400
                                              (504) 947-1100 fax
                                              *Counsel for Gloria Gonzalez De Puche*
                                              *and EMO Investments Corp.*

**Certificate of Service**

     I hereby certify that on February 12, 2015, I electronically filed this pleading and served same via electronic filing using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

                                  s/ **Stephen M. Smith**_____

## VERIFICATION

1. I am presenting this verification as the claimant in my personal capacity as Gloria Gonzalez De Puche and as the owner of and on behalf of EMO Investments Corp.

2. I have read the contents of the verified answer and know the contents of the answer.

3. The answers that are provided to the verified complaint are true and correct to my knowledge and belief therein.

4. I provide this answer based on my personal knowledge and records of the accounts in question as described in the allegations presented in the verified complaint.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief therein.

DATED: February 12, 2015

_____
Gloria Gonzalez De Puche

Signed before me this the __12__ day of February, 2015.

_____
Notary Public

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

The foregoing instrument was acknowledged before me this 12 day of FEB 20 15, by GLORIA G. PUCHE
_____  JEFFREY ROA
Notary Public's Signature    Notary Name
Personally Known ___ OR
Type of Identification Produced FL DL # P200-287-39-567-0

JEFFREY ROA
MY COMMISSION # FF 178574
EXPIRES: October 13, 2018
Bonded Thru Budget Notary Services